IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and DORA : 1:CV 00-0633
PROFATILO, his wife,          :
              Plaintiffs      :
                              : Civil Action - Law
         vs                   :
                              :                    FILED
THE MILTON S. HERSHEY MEDICAL :                HARRISBURG, PA
CENTER, PETER MUCHA, JR., M.D.,:
MICHAEL C. BURNETT, M.D., and :                   APR 07 2000
KYM A. SALNESS, M.D.,         :
              Defendants      : Jury Trial Demanded
                                               MARY E. D'ANDREA, CLERK
                                               Per _____
                                                       Deputy Clerk

1.

Plaintiffs in this action are Konstantin Profatilo and Dora Profatilo, his wife, who are citizens of the State of New York and who currently reside at 2069 East 12th Street, Unit A-4, Brooklyn, New York 11229.

2.

Defendant, The Milton S. Hershey Medical Center, is a Medicare participating health care facility, located at 500 University Drive, Hershey, Dauphin County, Pennsylvania, 17033.

3.

Peter Mucha, Jr., M.D. is a citizen of the State of West Virginia, whose address is West Virginia University Hospital, Jon M. Moore Trauma Center, Medical Center Drive, P. O. Box 8229, Morgantown, West Virginia 26506-8229, and was at all times material to this matter a surgeon at the Defendant Milton S. Hershey Medical Center.

4.

Michael C. Burnett, M.D. is a citizen of the Commonwealth of Pennsylvania, with an office in Philadelphia, Pennsylvania, who is on

the staff of the Hershey Medical Center specializing in Internal Medicine and Critical Care Medicine.

5.

Kym A. Salness, M.D., is a citizen of the Commonwealth of Pennsylvania, who is employed and at all times material hereto was employed as the Director of the Center for Emergency Medical Services at the Hershey Medical Center and who maintains an office at the Hershey Medical Center, 500 University Drive, P. O. Box 850, Hershey, PA 17033-0850.

6.

At all times material hereto the Milton S. Hershey Medical Center employed or held out as its employees individuals engaged in the performance and interpretation of radiological and other diagnostic studies, who at various times material to this action read and interpreted x-rays taken of the plaintiff, Konstantin Profatilo.

7.

Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. §1395dd et seq commonly known as the Emergency Medical Treatment and Active Labor Act (hereinafter "EMTALA".)

8.

Supplemental jurisdiction under 28 U.S.C. §1367 exists for state claims of negligence against the Hospital Defendant arising under the doctrine of respondeat superior and the individual defendants all arising from the same circumstances.

COUNT I - EMTALA

KONSTANTIN PROFATILO v THE MILTON S. HERSHEY MEDICAL CENTER

9.

Plaintiff repeats and repleads Paragraphs 1 through 8 as though they were fully set forth at length.

10.

On or about April 23, 1998 at approximately 9:00 o'clock p.m. Plaintiff was severely injured when he was violently struck by a pickup truck on the Lewisberry Road in Fairview Township.

11.

On or about April 23, 1998 the emergency medical technicians were called to the scene of the accident and it was determined that Plaintiff's condition was of sufficient severity that he had to be Med-Vac to the Hershey Medical Center emergency department.

12.

Accordingly, Plaintiff was transported via ambulance to the Capital City Airport where a Life Lion helicopter picked him up and took him to the Hershey Medical Center arriving at approximately 9:47 p.m.

13.

Upon arrival at the Emergency Department of Hershey Medical Center and, in fact, during transportation to the Medical Center, efforts were made to communicate with the Plaintiff who spoke only Russian and who had very little understanding of the English language.

14.

The Emergency Room physician asked for a consultation from orthopedics, which consultation never occurred prior to the discharge of the Plaintiff. Additionally, Dr. Salness requested the following radiology exams: (a) portable chest, (b) CT abdomen enhanced-adult, (c) CT pelvis unenhanced-adult, (d) CT thoracic thorax unenhanced-adult, (e) thoracic aortogram, (f) CT head unenhanced-adult. All of the x-rays were taken on April 23.

15.

A consult was also requested regarding Plaintiff's ETOH abuse, which indicated a blood alcohol at 277. The Plaintiff was discharged before this could be done.

16.

All of the radiology exams requested reported abnormalities.

17.

None of the abnormalities or results of any of the x-rays was ever communicated to Dr. Salness nor apparently was any report from radiology sought by Dr. Salness.

18.

Despite the fact that Plaintiff whose condition had not stabilized, had been severely injured and had suffered serious injuries, the Defendant through its attending physicians discharged the Plaintiff on April 24, 1998 to return to his home in Brooklyn, New York despite the fact that Plaintiff was severely injured and was suffering from life threatening injuries, which had not been stabilized.

19.

Plaintiff returned to his home but the symptoms that he had been experiencing in the Hospital worsened and he went to his family physician who recognizing a medical emergency immediately transported the Plaintiff to New York Community Hospital, where it was found that he had untreated acute abdominal injuries, resulting from the accident, as well as rupture of eventration of the left hemidiaphragm and left hemopneumothorax, fractures of T1 and L1 through L5 of his spine, an incarcerated umbilical hernia and severe trauma to the heart.

20.

Defendant Hershey Medical Center, through its agents, violated the terms of EMTALA and in particular 42 U.S. 1395dd(b) by failing to provide appropriate medical exams and treatments as would be necessary to stabilize the Plaintiff's condition.

21.

As a result of the EMTALA violation herein-described Plaintiff suffered severe and disabling permanent injuries, had to undergo additional emergency surgery and has suffered and will in the future continue to suffer both physical and mental pain, as well as being permanently disabled and unable to engage in any gainful employment, resulting in the loss of income. In addition, Plaintiff has been forced to incur and is incurring and will in the future continue to incur expenses for his care and treatment.

WHEREFORE, Plaintiff demands judgment against the Hershey Medical Center for compensatory damages in excess of $75,000 for violation of the provisions of EMTALA, together with costs of suit.

COUNT II - NEGLIGENCE

KONSTANTIN PROFATILO v THE HERSHEY MEDICAL CENTER
PETER MUCHA, JR., M.D., MICHAEL C. BURNETT, M.D.
And KYM A. SALNESS, M.D.,

22.

Plaintiff repeats and repleads Paragraphs 1 through 6 and 9 through 21 as though they were fully set forth herein.

23.

In addition to the supplemental jurisdiction conferred upon this Court pursuant to 28 U.S.C. 1367, jurisdiction is further conferred upon the Court for this Count by virtue of the provisions of 28 U.S.C. 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is based on diversity of citizenship in that Plaintiffs are citizens of the State of New York and Defendants are citizens of either the Commonwealth of Pennsylvania and/or the State of West Virginia.

24.

On or about April 23, 1998 the Defendants, either directly or through their agents, servants or employees, negligently rendered medical care and treatment to the Plaintiff who had been brought to the Defendant Hospital for treatment for serious injuries as a result of being struck by a motor vehicle.

25.

As a result Plaintiff's injuries were not properly treated or addressed, thereby preventing him from transacting his business and losing earnings and earning capacity and suffering great pain of body and mind and incurring expenses for medical attention and hospitalization, all of which continue and will continue into the future. Plaintiff is now permanently disabled.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in a sum in excess of $75,000 and costs.

COUNT IV - LOSS OF CONSORTIUM

DORA PROFATILO v THE HERSHEY MEDICAL CENTER
PETER MUCHA, JR., M.D., MICHAEL C. BURNETT, M.D.
And KYM A. SALNESS, M.D.,

26.

Plaintiff repeats and repleads Paragraphs 1 through 25 as though they were fully set forth herein.

27.

At all times material to this Complaint, Plaintiff Dora Profatilo was the wife of Konstantin Profatilo, Plaintiff herein.

28.

As a result of the conduct of the Defendant above alleged, Dora Profatilo has suffered loss of consortium in a sum in excess of $75,000, together with costs.

WHEREFORE, Plaintiff Dora Profatilo demands judgment against Defendants, jointly and severally, in a sum in excess of $75,000 and costs.

                                        MARKOWITZ & MARKOWITZ, P.C.

By: _____
    Lewis H. Markowitz, Esq.
    Supreme Court I.D. #07491
    Attorney for Plaintiffs
    2 West Market Street
    P. O. Box 152
    York, PA 17405-0152
    (717) 843-5527

Of counsel:
    Paul Koenigsberg, Esquire
    Paul Koenigsberg, P.C.
    1213 Avenue U
    Brooklyn, NY 11229