Randall G. Gale, Esquire
Attorney No. 26149
Thomas, Thomas & Hafer, LLP
P.O. Box 999
Harrisburg, PA 17108-0999

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KONSTANTIN PROFATILO and DORA PROFATILO, his wife, <br> Plaintiffs, <br> vs. <br><br> THE MILTON S. HERSHEY MEDICAL CENTER, PETER MUCHA, JR., M.D., MICHAEL C. BURNETT, M.D., and KYM A. SALNESS, M.D. <br> Defendants. | NO. 1:CV 00-0633 <br><br> JUDGE: <br> WILLIAM W. CALDWELL, SR <br><br> JURY TRIAL DEMANDED |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

AND NOW, come the Defendants Hershey Medical Center t/d/b/a The Milton S. Hershey Medical Center (hereinafter "Hershey Medical Center"), Peter Mucha, Jr., M.D., Michael C. Burnett, M.D. and Kym A. Salness, M.D. and file this Answer and Affirmative Defenses to the Complaint of the Plaintiffs Konstantin Profatilo and Dora Profatilo.

1. The averments of paragraph 1 of Plaintiff's Complaint are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

2. Admitted with the qualification that the correct corporate name is Hershey Medical Center t/d/b/a The Milton S. Hershey Medical Center.

3. Admitted.

4. Admitted in part and denied in part. The averments of paragraph 4 are admitted except for the averment that Dr. Burnett has an office in Philadelphia, Pennsylvania, which is denied.

5. Admitted.

6. Admitted in part and denied in part. It is admitted that radiological studies were done and interpreted by personnel at Defendant Hershey Medical Center. The remainder of the averments of paragraphs 6 of Plaintiff's Complaint are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

7. Denied.

8. Denied.

## COUNT I

9. The answering Defendants incorporate by reference their responses to paragraphs 1 through 8 of Plaintiff's Complaint as if set forth at length herein.

10-11. Denied. The averments of paragraphs 10 through 11 of Plaintiff's Complaint are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

12. Admitted.

13. Denied. The averments of paragraph 13 are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

14. Admitted in part and denied in part. It is admitted that Plaintiff had x-rays taken on April 23, 1998 at Hershey Medical Center. The remainder of the averments of paragraph 14 are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

15. Admitted in part and denied in part. It is admitted that the consultation was ordered regarding Plaintiff's ETOH use and it is admitted that a blood alcohol was done that showed a result of .277. The remainder of the averments of paragraph 15 are denied.

16. Denied. The averments of paragraph 16 of Plaintiff's Complaint are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

17. Denied. By way of further answer, Dr. Salness was not directly involved in the care of the Plaintiff.

18. Admitted in part and denied in part. It is admitted that on 4-24-98 the Plaintiff was discharged. The remainder of the averments of paragraph 18 are denied.

19. Denied. The averments of paragraph 19 of Plaintiff's Complaint are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

20. Denied.

21. Denied.

WHEREFORE, the answering Defendants Hershey Medical Center, Peter Mucha, Jr., M.D., Michael C. Burnett, M.D. and Kym A. Salness, M.D. demand Judgment be entered in their favor and against the Plaintiffs Konstantin Profatilo and Dora Profatilo.

## COUNT II

22. Answering Defendants incorporate by reference their responses to paragraphs 1 through 21 of Plaintiff's Complaint as if set forth at length herein.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, answering Defendants Hershey Medical Center, Peter Mucha, Jr., M.D., Michael C. Burnett, M.D. and Kym A. Salness, M.D. demand that Judgment be entered in their favor and against the Plaintiffs Konstantin Profatilo and Dora Profatilo.

## COUNT IV (sic)

26. The answering Defendants incorporate by reference their responses to paragraphs 1 through 25 of Plaintiff's Complaint as if set forth in length herein.

27. Denied. The averments of paragraph 27 of Plaintiff's Complaint are neither admitted nor denied in that after reasonable investigation this Defendant is without sufficient information to form a belief as to the truth of the averments and they are therefore deemed to be denied and proof thereof is demanded.

28. Denied.

WHEREFORE, answering Defendants Hershey Medical Center, Peter Mucha, Jr., M.D., Michael C. Burnett, M.D. and Kym A. Salness, M.D. demand that Judgment be entered in their favor and against the Plaintiffs Konstantin Profatilo and Dora Profatilo.

## AFFIRMATIVE DEFENSES

1. The answering Defendants incorporate by reference their responses to paragraphs 1 through 28 of Plaintiff's Complaint as if set forth at length herein.

2. The Plaintiff's Complaint fails to state a claim on which relief can be granted.

3. All care and treatment rendered to Plaintiff, Konstantin Profatilo, by Defendants was appropriate and reasonable and within the required standard of care.

4. There was no violation of the Emergency Medical Treatment and Active Labor Act (EMTALA).

5. Plaintiff was kept at the Defendant Hershey Medical Center for testing and observation and was only discharged on determination that he was stable.

6. Any injuries or damages of Plaintiffs were caused by persons or entities over whom answering Defendants had no control or duty of control.

7. Any injuries or damages to Plaintiffs were not caused by acts or omissions of the answering Defendants but rather were caused by medical conditions and causes beyond the control of the answering Defendant.

8. Any alleged acts or omissions on the part of answering Defendants alleged to constitute negligence were not substantial contributing factors to any injuries or damages alleged in Plaintiff's Complaint.

9. The Plaintiffs' claims are barred or limited by the causal comparative or contributory negligence on the part of Plaintiffs.

10. Plaintiffs assumed the risk.

11. The Defendants assert all defenses available to them pursuant to the Pennsylvania Health Care Services Malpractice Act.

12. Plaintiff's claims are barred by the Statute of Limitations.

13. Defendants assert the defense of two schools of thought.

WHEREFORE, the Defendants The Milton S. Hershey Medical Center, Peter Mucha, Jr., M.D., Michael C. Burnett, M.D. and Kym A. Salness, M.D. demand that Judgment be entered in their favor and against the Plaintiffs, Konstantin Profatilo and Dora Profatilo.

Thomas, Thomas & Hafer, LLP

By _____
Randall G. Gale, Esquire
Attorney No. 26149
305 North Front Street, 6th Floor
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7648

Dated: 5-30-00

:95928.1

## CERTIFICATE OF SERVICE

    I, Randall G. Gale, Esquire of the law firm of Thomas, Thomas & Hafer, LLP, Attorneys for Defendants, do hereby certify that on this ____ day of _____May_____, 2000 that service of the aforementioned document was made upon the following by depositing a true and correct copy in the United States mail, postage prepaid, at Harrisburg, Pennsylvania.

Lewis H. Markowitz, Esquire  
2 West Market Street  
P.O. Box 152  
York, PA 17405-0152

                           BY: _____  
                                  Randall G. Gale, Esquire