● ORIGINAL ●

2 TO CT


7-27-00

FILED
HARRISBURG, PA
JUL 26 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and DORA  : No. 1:CV 00-0633
PROFATILO, his wife,           :
        Plaintiffs    :
                               : Civil Action - Law
    vs                         :
                               :
THE MILTON S. HERSHEY MEDICAL  :
CENTER, PETER MUCHA, JR., M.D.,:
MICHAEL C. BURNETT, M.D., and  :
KYM A. SALNESS, M.D.,          :
        Defendants     : Jury Trial Demanded

JOINT CASE MANAGEMENT PLAN

1. **Principal Issues**

   1.10 Summary Statement of case:

     Plaintiffs:

     Konstantin Profatilo, a non-English speaking individual of Russian origin was injured in a motor vehicle pedestrian accident on the evening of April 23, 1998. He was transported by ambulance to New Cumberland where he was met by the Hershey Life Lion helicopter and transported to the emergency room of the Hershey Medical Center. The flight medic noted decreased breath sounds in the left anterior and posterior chest. Mr. Profatilo apparently came under the care of Peter Mucha, Jr., M.D. as the attending ER physician. His arrival time in the ER was 2143. The estimated speed of the vehicle striking Mr. Profatilo was 35 miles an hour.

     A consult to orthopedics was requested. Despite the request, there does not ever appear to have been an orthopedic consult.

     A consult was also requested for alcoholism since Mr. Profatilo was intoxicated at the time of his arrival. There appears to have been an alcoholism consult. The case is complicated, however, because of the fact that when the complete chart was originally requested by Mr. Koenigsberg, he was given 14 pages of records and led to believe that this was a complete chart. Subsequently during discovery Defendant produced what it contends is the complete chart consisting of 101 pages.

     The net result was that Mr. Profatilo was discharged the very next day, April 24, 1998, and on April 25, 1998 saw his family physician in severe distress, complaining of nausea, extreme stomach pain, vomiting and dizziness. His family physician, Alexey Isakov, M.D. was sufficiently alarmed at what he was seeing that he made a diagnosis that Mr. Profatilo was suffering with an active and severe rupture of his left hemidiaphragm and an incarcerated umbilical

hernia, as well as severe trauma to his heart. He was immediately taken to New York Community Hospital, where he came under the care of Bernard Alter, M.D., general surgeon, who performed emergency surgery on Mr. Profatilo diagnosing acute abdomen secondary to multiple blunt trauma with findings of rupture of eventration left hemidiaphragm and left hemopneumothorax.

The complaint raises two issues: (1) under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §1395(dd) et seq and (2) also for a claim of medical negligence.

Defendants:

This is an action brought by the Plaintiffs, Konstantin Profatilo and Dora Profatilo, against Hershey Medical Center, Peter Mucha, Jr., M.D., Michael C. Burnett, M.D. and Kym A. Salness, M.D. alleging a medical malpractice. Mr. Profatilo was struck by a motor vehicle on or about April 23, 1998 and ultimately was taken for emergency treatment at Hershey Medical Center. Numerous physicians examined the Plaintiff and reviewed various films and tests and ultimately it was felt that Mr. Profatilo was stabilized and was, therefore, discharged from Hershey Medical Center on April 24, 1998. It is claimed that when Mr. Profatilo returned to his home in New York that he had further physical problems. The Defendants in this case assert that they acted appropriately based upon all of the information which they had at the time that Mr. Profatilo was at Hershey Medical Center.

The principal factual issues that the parties dispute are:

1.11 Whether or not Mr. Profatilo was discharged from the Hershey Medical Center in a stable condition or

1.12 Whether or not Mr. Profatilo was discharged with life-threatening injuries.

1.13 Whether or not there was appropriate communication between and among the various physicians at the Hershey Medical Center.

agree upon are:

1.20 Konstantin Profatilo is a 55-year old male of Russian descent, who at the time of the accident did not speak English.

1.21 Mr. Profatilo was injured in a pedestrian car collision on Lewisberry Road, Fairview Township, York County, Pennsylvania, on April 23, 1998 at about 2100 hours.

1.22 Mr. Profatilo was given emergency care and transported by ambulance to Capitol City Airport, where the Hershey Life Lion took over and transported Mr. Profatilo to the Hershey Medical Center.

      1.23 The Hershey Medical Center is a Class III certified trauma center.

      1.24 Mr. Profatilo at the time of admission to Hershey had a blood alcohol level of .277.

      1.30 The principal legal issues that the parties dispute are:

      1.31 Whether or not the conduct of the Defendant violated the EMATLA

      1.32 Whether or not the Defendant and the individual Defendants were negligent

      1.33 Whether or not the conduct of the Defendants or each of them was a substantial factor in causing harm to Mr. Profatilo

  and agree upon are:

      1.40 That EMATLA would apply to the facts of this case.

    1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: None

    1.60 Identify any named parties that have not yet been served: None

    1.70 Identify any additional parties that:

      Plaintiffs intend to join: None

      Defendants intend to join: None

    1.80 Identify any additional claims that:

      Plaintiffs intend to add: Plaintiff may bring an additional claim for false or fraudulent concealment of hospital records. This obviously will depend on the deposition of the various personnel at the hospital charged with the dissemination of the medical records.

      Defendants intend to add: None

## 2.0 Alternative Dispute Resolution

    2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

      None has been instituted yet. The parties have discussed it and once discovery is completed there may be interest in undertaking mediation or another form of ADR.

3.0  **Consent to Jurisdiction by a Magistrate Judge**

There is no agreement to have a Magistrate Judge preside as the judge of the case. While Plaintiff would consent to this, Defendants do not.

4.0  **Disclosure**

4.100 Separately for each party, list by name and title/position each person whose identity has been disclosed.

    4.101 Disclosed by Plaintiff

        4.102 Konstantin Profatilo, Plaintiff
        4.103 Dora Profatilo, Plaintiff
        4.104 Alexey Isakov, M.D., treating physician
        4.105 Bernard Alter, M.D., treating physician
        4.106 All names contained in medical records furnished by Defendants

    4.151 Disclosed by Defendant

        4.501 Defendant discloses the same names as those contained in 4.106.

4.200 Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages)

    4.201 Disclosed by Plaintiff

        4.202 All medical records in possession of the Plaintiff, including the copies of the Hershey Medical Center records given to Plaintiff.

        4.203 Records of New York Community Medical Center

        4.204 Office notes of Alexey Isakov, M.D.

    4.251 Disclosed by Defendant

        4.252 All medical records of the Hershey Medical Center, consisting of 101 pages

4.300 Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301 Additional categories of documents Plaintiffs will disclose:

        4.302 All medical bills received by Plaintiff

        4.303 All prescription or medication bills

        4.304 All medical reports or additional medical records of Plaintiff

        4.351 Additional categories of documents Defendants will disclose:

        4.352 Defendant will produce x-rays taken, as well as CAT scan or MRI studies taken

    4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

        4.401 Plaintiffs' calculation of damages: Plaintiff has not as yet calculated damages because treatment is ongoing. The Hershey Medical Center did not render a bill to Plaintiff, because Plaintiff was uninsured. Therefore, it is necessary to receive a calculation of the value of the services rendered to the Plaintiff by the Hershey Medical Center, as well as value of services rendered by New York Community Medical Center and the various treating physicians.

        4.402 Defendants' calculation of offset:

5.0 **Motions**

    Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation: Neither party has motions that they intend to file at the present time. Defendant may, however, at the conclusion of discovery file a motion for summary judgment.

6.0 **Discovery**

    6.100 Briefly describe any discovery that has been completed or is in progress;

    By Plaintiffs:

        Plaintiffs have submitted interrogatories to each of the Defendants, as well as the Hershey Medical Center and Requests for Production. Defendants are responding to those requests and interrogatories.

    By defendants:

        Defendants have submitted Interrogatories and Request for Production to the Plaintiff. Plaintiff is in the process of securing the answers to the Interrogatories and has responded to the Request for Production.

6.200 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose of what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff will depose the various treating physicians at the Hershey Medical Center to learn what the objective signs were that they saw, their assessment and their prognosis for the Plaintiff at the time that they saw him and when he was discharged.

Defendant will depose the Plaintiffs to determine their understanding of the facts. Defendant recognizes that it will be necessary to utilize an interpreter because of the language problems.

Defendant furthermore has indicated it may wish to depose the treating physicians in this case.

6.300 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: At the present time neither side has objections to the other's discovery requests.

6.400 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation: Neither party at the present time sees a need for limitations on discovery.

6.500 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s):

6.501 depositions (excluding experts) to be taken by:

Plaintiff(s):   12        Defendant(s):   12

6.502 interrogatories to be served by: This is essentially moot because the parties have already served interrogatories. Each side would propose for additional interrogatories:

Plaintiff(s):   50        Defendant(s):   50

6.503 document production requests to be served by:

Plaintiff(s):   5         Defendant(s):   5

6.504 requests for admission to be served by:

Plaintiff(s):   2         Defendant(s):   2

    6.600 All discovery commenced in time to be completed by: April 1, 2001

    6.700 Reports from retained experts due:

        from plaintiff(s) by: 60 days after closing of discovery

        from defendant(s) by: 60 days after receipt of Plaintiff's experts' reports

    6.800 Supplementations due: 30 days prior to trial

7.0 **Protective Order**

    None are sought by either side.

8.0 **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

    I hereby certify that the following individual(s) have settlement authority:

    Lewis H. Markowitz, Esquire
    Markowitz & Markowitz, P.C.
    2 West Market Street
    P. O. Box 152
    York, PA 17405-0152
    (717) 843-5527
    For the Plaintiff

    Donna Rae, Esquire
    Geisinger Systems Services
    Department of Legal Services
    100 North Academy Avenue
    Danville, PA 17822-3021
    (570) 271-6786
    For the Defendants

9.0 **Scheduling**

    9.1 This case may be appropriate for trial in approximately:

        ___ 240 days from the filing of the action in this court,

        _X_ 365 days from the filing of the action in this court

        ___ days from the filing of the action in this court

    9.2 Suggested Date for Trial: June, 2001

    9.3 Suggested Date for the final Pretrial Conference: May, 2001

    9.4    Final date for joining additional parties:

        January 31, 2001 Plaintiff(s)
        January 31, 2001 Defendant(s)

    9.5    Final date for amending pleadings:

        March 1, 2001 Plaintiff(s)
        March 1, 2001 Defendant(s)

    9.6    All potentially dispositive motions should be filed by: March 1, 2001

10.0 **Other Matters**

Both trial counsel are experienced and have litigated against each other in the past with no problems. There, therefore, does not appear to be any reason to make any special arrangements at this time. There may have to be a date certain set because of the fact that Plaintiffs' witnesses and damages witnesses will be from out of the area and simply a matter of logistics.

11.0 **Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party:

Dated: 24 July 2000

Lewis H. Markowitz, Esquire
Supreme Court I.D. #07491
Markowitz & Markowitz, P.C.
2 West Market Street
P. O. Box 152
York, PA 17405-0152
(717) 843-5527
Attorney for Plaintiffs

Dated: July 24, 2000

Randall G. Gale, Esquire    *per his authority*
Supreme Court I.D. #26149
Thomas, Thomas & Hafer, LLP
305 North Front Street, 6th Floor
P. O. Box 999
Harrisburg, PA 17108
(717) 237-7100
Attorney for Defendants