ORIGINAL

FILED
HARRISBURG, PA
AUG 0  2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and
DORA PROFATILO, his wife,
                  Plaintiffs,

vs.

THE MILTON S. HERSHEY MEDICAL
CENTER, PETER MUCHA, JR., M.D.,
MICHAEL C. BURNETT, M.D., and
KYM A. SALNESS, M.D.
                  Defendants.

:    NO.  1:CV 00-0633
:
:
:
:    JUDGE:
:    WILLIAM W. CALDWELL, SR
:
:
:
:
:    JURY TRIAL DEMANDED
:

## DEFENDANTS' MOTION TO STAY CASE MANAGEMENT DEADLINES AND REQUESTING CASE MANAGEMENT CONFERENCE

AND NOW, comes the Defendants, by and through their counsel, Randall G. Gale, Esquire and the law firm of Thomas, Thomas & Hafer, LLP, and file this Motion to Stay Case Management Deadlines and Requesting a Case Management Conference:

1.    Plaintiffs initiated this medical malpractice action on or about April 7, 2000.

2.    Plaintiffs' Complaint against Defendant Hershey Medical Center and physicians involve Defendants' alleged failure to provide appropriate medical care to Plaintiff Konstantin Profatilo following a motor vehicle accident of April 23, 1998.

3.    As this Honorable Court is already aware, Plaintiffs' counsel Lewis H. Markowitz, Esquire underwent major heart surgery on or about December 4, 2000 and was subsequently hospitalized with severe heart problems.

4.    On or about March 16, 2001, Plaintiffs filed a Motion to Extend Deadlines which was granted by the Court.  A copy of said Motion is attached as Exhibit "A.



5.    On March 26, 2001, William W. Caldwell, United States District Judge, granted Plaintiffs' Motion to Extend Deadlines, imposing the following deadlines: discovery – September 5, 2001; expert reports – July 2, 2001; pretrial motions – September 5, 2001; and trial – November 2001.  See Exhibit "B".

6.    On July 10, 2001, this Court entered an Order placing this case in the November 2001 trial list.  See Exhibit "C".

7.    To date, the parties have been unable to conduct substantive discovery due to Mr. Markowitz's heart condition and required recuperation.

8.    On May 7, 2001, Mr. Markowitz wrote to defense counsel, advising that he would be unable to proceed with depositions until August 2001.  Mr. Markowitz also advised that he was attempting to refer this case to other counsel who would be able to pursue the case with "greater vigor" due to the health restrictions imposed by his treating physicians.  See Exhibit "D" letter of Lewis H. Markowitz, Esquire to Randall G. Gale, Esquire.

9.    On June 8, 2001, Attorney Gale wrote to Attorney Markowitz requesting that Plaintiff sign an authorization releasing certain medical records from medical care providers in New York.  To date, defense counsel has not received these signed authorizations from Plaintiffs' counsel.  A copy of the letter is attached as Exhibit "E".

10.    On or about June 12, 2001, defense counsel spoke with Attorney Markowitz, who advised that the case was reassigned to Cliff Rieders, Esquire of Williamsport, Pennsylvania.

11.    However, as late as July 18, 2001 [sic 2000], Mr. Markowitz wrote to Attorney Gale advising that Mr. Rieders had not yet decided to assume the handling of

the <u>Profatilo</u> case. Indeed, as of the time of the filing of this Motion, Mr. Rieders has not definitively assumed the handling of the <u>Profatilo</u> case and/or entered his appearance as co-counsel on behalf of the Plaintiff Profatilo. See Exhibit "F".

12.    Attorney Gale wrote to Attorney Markowitz on June 12, 2001, requesting that discovery proceed forward and that depositions occur sooner than the end of August, 2001. However, in light of Attorney Markowitz's medical condition, it does not appear that depositions and discovery will be concluded by August/September 2001. See Exhibit "G".

13.    Without completing the depositions and written discovery in this case, it will be extremely difficult, if not impossible, for defendants to obtain experts in this matter to address issues of medical negligence and damages.

14.    Defense counsel is certainly cognizant and sensitive to Mr. Markowitz's medical condition. Certainly, it is not the intent of defense counsel to insinuate that Mr. Markowitz has done anything less than his best in light of the medical restrictions placed on him in pursuing this matter on behalf of the Plaintiffs.

15.    However, the inability to proceed with discovery, including the depositions of Plaintiffs and obtaining all of the Plaintiffs' prior medical records from New York, has impaired and will continue to impair defense counsel's ability to prepare this case for trial.

16.    Accordingly, defense counsel requests a stay of the case management deadlines imposed by the March 26, 2001 Order and the Trial Order of July 10, 2001.

the Profatilo case. Indeed, as of the time of the filing of this Motion, Mr. Rieders has not definitively assumed the handling of the Profatilo case and/or entered his appearance as co-counsel on behalf of the Plaintiff Profatilo. See Exhibit "F".

12.    Attorney Gale wrote to Attorney Markowitz on June 12, 2001, requesting that discovery proceed forward and that depositions occur sooner than the end of August, 2001. However, in light of Attorney Markowitz's medical condition, it does not appear that depositions and discovery will be concluded by August/September 2001. See Exhibit "G".

13.    Without completing the depositions and written discovery in this case, it will be extremely difficult, if not impossible, for defendants to obtain experts in this matter to address issues of medical negligence and damages.

14.    Defense counsel is certainly cognizant and sensitive to Mr. Markowitz's medical condition. Certainly, it is not the intent of defense counsel to insinuate that Mr. Markowitz has done anything less than his best in light of the medical restrictions placed on him in pursuing this matter on behalf of the Plaintiffs.

15.    However, the inability to proceed with discovery, including the depositions of Plaintiffs and obtaining all of the Plaintiffs' prior medical records from New York, has impaired and will continue to impair defense counsel's ability to prepare this case for trial.

16.    Accordingly, defense counsel requests a stay of the case management deadlines imposed by the March 26, 2001 Order and the Trial Order of July 10, 2001.



17.   Defense counsel also feels that a Case Management Conference with the Court would be extremely helpful in moving this case forward in a timely manner in light of Mr. Markowitz's serious medical condition.

18.   Lewis Markowitz, Esquire, counsel for Plaintiffs, was previously notified and made aware that Defendants were filing this Motion to Stay and for Conference, and Attorney Markowitz has concurred with the within Motion.

19.   As Attorney Markowitz has concurred with the filing of this Motion, and as the within Motion will be unopposed by Attorney Markowitz, counsel for Defendants requests that they be excused from filing a brief in support of the within Motion.

WHEREFORE, Randall G. Gale, Esquire, counsel for Defendants, moves this Honorable Court to enter an Order in the form proposed staying the case management deadlines and scheduling a Case Management Conference for the reasons set forth above.

Respectfully submitted,

Thomas, Thomas & Hafer, LLP

By _____
        Randall G. Gale, Esquire
        Attorney No. 26149
        305 North Front Street, 6th Floor
        P.O. Box 999
        Harrisburg, PA 17108
        (717) 255-7648
        Attorney for Defendants

Dated:   8/2/01

**CERTIFICATE OF SERVICE**

I, Randall G. Gale, Esquire of the law firm of Thomas, Thomas & Hafer, LLP, Attorneys for Defendants, do hereby certify that on this 2d day of _August_, 2001 that service of the aforementioned document was made upon the following by depositing a true and correct copy in the United States mail, postage prepaid, at Harrisburg, Pennsylvania.

Lewis H. Markowitz, Esquire
2 West Market Street
P.O. Box 152
York, PA 17405-0152

BY: _____
Randall G. Gale, Esquire

:139082.1

# WOLFSON & ASSOCIATES, P.C.

## Attorneys at Law

ATTORNEYS
Daniel F. Wolfson
Michael J. Connor
Philip C. Warholic

COUNSEL
Morrison B. Williams

PARALEGALS
Margaret L. Burg
Susan K. Kostalas

BRANCH OFFICE:

8 Manchester Street
Glen Rock, PA 17327
(717) 235-5014

267 East Market Street
York, Pennsylvania 17403
----------

(717) 846-1252
(800) 321-8467
FAX (717) 848-1146
----------

e-mail: dfwolfson@debtcollection.net

*PLEASE FORWARD ALL
CORRESPONDENCE TO
THE YORK OFFICE*

16 March 2001

Clerk of Courts
U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re:    Konstantin Profatilo, et al. v. Milton S. Hershey Medical Center, et al.
       Civil Action No. 1:CV-00-0633

Dear Sir/Madam:

Please be aware that the undersigned is currently assisting Lewis H. Markowitz, Esquire, with some of his case while Attorney Markowitz recovers from major heart surgery. I am enclosing herewith, for filing in your office, one (1) original and three (3) copies of a Motion to Extend Deadlines. Please forward one time-stamped copy to Judge William W. Caldwell, Sr., and please time-stamp any additional copies and return them to my office in the SASE.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Very truly yours,

WOLFSON & ASSOCIATES, P.C.

Daniel F. Wolfson, Esquire

DFW/PCW/mm
Enclosures

pc:    Randall G. Gale, Esquire
       Paul Koenigsberg, Esquire
       Konstantin Profatilo



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and    :    NO.  1:CV 00-0633
DORA PROFATILO, his wife,       :
               Plaintiffs,    :
      :

      vs.            :    JUDGE:
      :    WILLIAM W. CALDWELL, SR.

THE MILTON S. HERSHEY MEDICAL   :
CENTER, PETER MUCHA, JR., M.D.,   :
MICHAEL C. BURNETT, M.D., and   :
KYM A. SALNESS, M.D.,      :    JURY TRIAL DEMANDED
            Defendants   :

## ORDER

NOW, this _____ day of March, 2001, the within Motion to Extend Deadlines

having been read, considered, and filed, it is ORDERED that the all of the deadlines stated

in the Court Order of July 27, 2000, be extended for a period of five (5) months to

reflect the period of time in which Lewis H. Markowitz, Esquire, was unable to work on the

present matter due to severe health problems, and it is also ordered that counsel for

Plaintiff's need not have to file a brief in support of the within Motion due to concurrence

of said Motion by opposing counsel.


BY THE COURT:


_____
                                   J.



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and     :     NO.   1:CV 00-0633
DORA PROFATILO, his wife,     :
               Plaintiffs,     :
                             :
          vs.     :     JUDGE:
                             :     WILLIAM W. CALDWELL, SR.
THE MILTON S. HERSHEY MEDICAL     :
CENTER, PETER MUCHA, JR., M.D.,     :
MICHAEL C. BURNETT, M.D., and     :
KYM A. SALNESS, M.D.,     :     JURY TRIAL DEMANDED
              Defendants     :

## MOTION TO EXTEND DEADLINES

    AND NOW, comes the Plaintiffs, Konstantin Profatilo and Dora Profatilo, his wife,

by and though their attorney, Lewis H. Markowitz, Esquire, and the law firm of Markowitz

& Markowitz, P.C., and file this Motion to Extend Deadlines.

    1.    Plaintiffs commenced this action on or about April 7, 2000, by filing their

Complaint, seeking damages for medical negligence and an EMTALA violation.

    2.    The crux of the Plaintiffs' Complaint against Defendants is the alleged failure

of Defendant, Hershey Medical Center, to abide by the terms of EMTALA, through its

agents, and Defendants alleged failure to provide appropriate medical exams and

treatments as would be necessary to stabilize Plaintiff, Konstantin Profatilo's, condition, and

Defendants' negligence in rendering medical care and treatment to Plaintiff who had been

brought to Defendant Hospital for treatment for serious injuries as a result of being struck

by a motor vehicle.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and :     NO.  1:CV 00-0633
DORA PROFATILO, his wife, :
           Plaintiffs, :
      :
      vs. :     JUDGE:
      :     WILLIAM W. CALDWELL, SR.
THE MILTON S. HERSHEY MEDICAL :
CENTER, PETER MUCHA, JR., M.D., :
MICHAEL C. BURNETT, M.D., and :
KYM A. SALNESS, M.D., :     JURY TRIAL DEMANDED
           Defendants :

## CERTIFICATE OF CONCURRENCE

NOW, this /6ᵗʰ day of March, 2001, I, Daniel F. Wolfson, Esquire, do hereby

certify that I have spoken with Randall G. Gale, Esquire, concerning the within Motion, and

that he expressed his concurrence with the within Motion, and that he would not oppose

Lewis H. Markowitz, Esquire, in the filing of the within Motion.

Daniel F. Wolfson, Esquire for
Lewis H. Markowitz, Esquire
WOLFSON & ASSOCIATES, P.C.
267 East Market Street
York, PA 17403
(717) 846-1252
I.D. No. 20617
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and :    NO.  1:CV 00-0633
DORA PROFATILO, his wife, :
             Plaintiffs, :
  :
vs. :    JUDGE:
  :    WILLIAM W. CALDWELL, SR.
THE MILTON S. HERSHEY MEDICAL :
CENTER, PETER MUCHA, JR., M.D., :
MICHAEL C. BURNETT, M.D., and :
KYM A. SALNESS, M.D., :    JURY TRIAL DEMANDED
          Defendants :

## CERTIFICATE OF SERVICE

NOW, this _16th_ day of March, 2001, I, Daniel F. Wolfson, Esquire, do hereby
certify that I have served a copy of the foregoing Motion to Extend Deadlines upon the
parties and counsel of record by regular mail, postage pre-paid and addressed as follows:

Randall G. Gale, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street, 6th Floor
P.O. Box 999
Harrisburg, PA 17108
Attorney for Defendants

_Daniel F. Wolfson_
Daniel F. Wolfson, Esquire for
Lewis H. Markowitz, Esquire
WOLFSON & ASSOCIATES, P.C.
267 East Market Street
York, PA 17403
(717) 846-1252
I.D. No. 20617
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and          :
DORA PROFATILO, his wife,
          Plaintiffs              :

                                  :

          vs.                            CIVIL ACTION NO. 1:CV-00-0633

                                  :
THE MILTON S. HERSHEY MEDICAL
CENTER, PETER MUCHA, JR., M.D.,   :
MICHAEL C. BURNETT, M.D., and
KYM A. SALNESS, M.D.,             :               **FILED**
          Defendants                        HARRISBURG, PA

                                            MAR 2 6 2001

          O R D E R                      MARY E. D'ANDREA, CLERK
                                         PER_____
                                              DEPUTY CLERK

          AND NOW, this 26th day of March, 2001, upon

consideration of plaintiffs' motion to extend time, it is Ordered

as follows:

          1)  Discovery shall be completed by
September 5, 2001.

          2)  Expert reports shall be provided by
July 2, 2001, with any supplements to be filed
by September 28, 2001.

          3)  Pre-trial motions, if any, shall be
filed no later than September 5, 2001, and
shall be briefed when filed.

          4)  This case is continued to the November
2001 trial term, scheduling order to follow.

                              *William W. Caldwell*
                              William W. Caldwell
                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RE:
Kimberly M. Davis v.                          :
Donetta M. D'Innocenzo, et al.    :    Civil Action No. 1:CV-99-1428

Konstantin Profatilo, et al. v. :
Hershey Medical Center, et al.    :    Civil Action No. 1:CV-00-0633

Fred B. Hooper, D.O. v.                   :
Paul Revere Life Insur., et al. :    Civil Action No. 1:CV-00-0729

Wendy L. Mannion, et al. v.           :
City of Lebanon, et al.                   :    Civil Action No. 1:CV-00-1206

**PA Protection & Advocacy  v. :
PA Dept. Public Welfare, et al :    Civil Action No. 1:CV-00-1582

**  Non Jury Trial

FILED
HARRISBURG, PA

JUL 1 0 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

O R D E R

I.   The above-captioned civil cases have been placed on
the November 2001 trial list for trial in Harrisburg,
Pennsylvania.

II. Juries in all cases will be drawn in Court Room No.
1, Ninth Floor, Federal Building, Harrisburg, Pennsylvania,
beginning at 9:30 a.m. on Monday, November 19, 2001.  Pending
criminal trials, if any, will be tried first.  Civil jury trials
will begin immediately following jury selection in the order of
the docket numbers (assuming no criminal trials), with the
earliest docket number going first and continuing to the most
recent docket number.  Non-jury matters will be tried last.

AO 72A

Counsel should be aware that settlements, etc., will often reduce the actual number of cases for trial as the date approaches.

III.  All pre-trial conferences will be held as follows on Thursday, November 15, 2001, in my chambers, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania:

| | |
|---|---|
| 9:00 a.m. | No. 1:CV-99-1428 |
| 9:30 a.m. | No. 1:CV-00-0633 |
| 10:00 a.m. | No. 1:CV-00-0729 |
| 10:30 a.m. | No. 1:CV-00-1206 |
| 11:00 a.m. | No. 1:CV-00-1582 |

Lead counsel for each party shall attend the conference and have full authority to effectuate a complete settlement pursuant to Local Rule LR 16.2.

IV.  Counsel who will try the case are directed to confer with all other trial counsel in the case at least five (5) days prior to the date of the pre-trial conference.  Local Rule LR 16.3.  Subsequent to this meeting of counsel and at least two (2) days prior to the pre-trial conference, counsel shall submit a pre-trial memorandum in the form set forth in Appendix C of our Local Rules.  Local Rule LR 16.6.

V.  At the conference of counsel, pursuant to Local Rule LR 16.3, all exhibits that any party intends to introduce at trial (whether in his case in chief or in rebuttal) shall be identified and numbered on the attached form.  Only exhibits so listed may be

2

offered in evidence at the trial, absent compelling reasons to the contrary.  Local Rule LR 16.3.

VI.  Trial briefs shall be submitted prior to trial and shall conform to Local Rule LR 39.7.  Motions in limine, if any, shall be filed at least ten (10) days prior to jury selection, and any response shall be filed three (3) days before jury selection. All requests for jury instructions shall be submitted before trial commences and shall conform to Local Rule LR 51.1.  Requests for juror voir dire shall be submitted at least three days prior to jury selection, limited to eight in number.

VII.  Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, may be assessed against the parties as directed by the court, <u>unless</u> the Clerk's office at the place in which jury selection is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary.  Notice to the Clerk's office before 2:00 p.m. on the last business day preceding the day on which the jury is to be selected shall be adequate for this purpose.

3

AO 72A

VIII.    Failure of counsel to abide by this order or our Local Rule LR 16 may result in imposition of the sanctions listed in Local Rule LR 83.3.

IX.    The objective of this order is to provide all parties with timely resolution of their claims and to facilitate as effectively as possible an appropriate disposition of the issues at trial.    The cooperation of counsel is essential to this purpose.

William W. Caldwell
United States District Judge

Date:    July 10, 2001

4

# EXHIBIT LIST

JUDGE _____

CASE NUMBER _____

| Plaintiff | Defendant | Description of Item | Identified | Evidence | Ruling | Witness |
|-----------|-----------|---------------------|------------|----------|--------|---------|
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |
|           |           |                     |            |          |        |         |



# MARKOWITZ & MARKOWITZ, P.C.

### ATTORNEYS-AT-LAW
### 2 WEST MARKET STREET
### P.O. BOX 152
### YORK, PENNSYLVANIA 17405-0152

---

### (717) 843-5527
### FAX (717) 854-7599

**LEWIS H. MARKOWITZ**
CERTIFIED AS A CIVIL TRIAL ADVOCATE
BY THE NATIONAL BOARD OF TRIAL ADVOCACY
DIPLOMATE AMERICAN BOARD
OF PROFESSIONAL LIABILITY ATTORNEYS

Respond to: 606 Argent Way
Bluffton, South Carolina 29910
(843) 705-9577
fax (843) 705-9588

**ARTHUR MARKOWITZ**
(1907-1970)

---

TRIAL PRACTICE

May 7, 2001
(Dictated May 2, 2001)

File No. 2321

Randall G. Gale, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street, 6th Floor
P. O. Box 999
Harrisburg, PA 17108

Re:  Konstantin Profatilo v Hershey Medical Center, et al
     USDC, Middle District, 1:CV 00-0633

Dear Randy:

I have sent out the answers to Interrogatories and response to
Request for Production to the client for review and signature. As soon
as I receive back the signed verifications, I will attach them to the
responses and forward them to you.

In the meantime, since we are under a deadline I would like to
begin scheduling the depositions of the various defendants.

My schedule is such that I will have the last two weeks of August
available. I am, however, in the process of attempting to refer this
case to other counsel who will be able to pursue it with greater vigor
than I have given the restrictions that have been placed upon me by my
physicians. As soon as I am able to do so, I will have other counsel
enter their appearance and hopefully they will become lead in the case
so that this matter can move forward without further delays.

With kindest personal regards, I am

                    Very truly yours,

                    MARKOWITZ & MARKOWITZ, P.C.

                    Lewis H. Markowitz

LHM/sss
(Dictated but not read)



# THOMAS, THOMAS & HAFER, LLP
## ATTORNEYS AT LAW

JOSEPH P. HAFER
JAMES K. THOMAS, II
ROBERTSON B. TAYLOR
JEFFREY B. RETTIG
PETER J. CURRY
R. BURKE McLEMORE, JR.
EDWARD H. JORDAN, JR.
C. KENT PRICE
RANDALL G. GALE
DAVID L. SCHWALM
PETER J. SPEAKER
DOUGLAS B. MARCELLO
PAUL J. DELLASEGA

OF COUNSEL
JAMES K. THOMAS

305 NORTH FRONT STREET

SIXTH FLOOR

P.O. BOX 999

HARRISBURG, PA 17108

(717) 237-7100

FAX (717) 237-7105

WRITER'S DIRECT DIAL NUMBER

(717) 255-7648
RGG@tthlaw.com
June 8, 2001

SARAH W. AROSELL
EUGENE N. McHUGH
STEPHEN E. GEDULDIG
KAREN S. COATES
TODD B. NARVOL
JAMES J. DODD-O
KEVIN C. McNAMARA
BROOKS R. FOLAND
JOHN FLOUNLACKER
JOHN M. POPILOCK
MICHELE J. THORP
G. CHRISTOPHER PARRISH
CLAUDIO J. DiPAOLO
STEPHANIE L. HERSPERGER
DRUMMOND B. TAYLOR

VIA FACSIMILE – 843-705-9588

Lewis H. Markowitz, Esquire
606 Argent Way
Bluffton, SC 29910

RE:    Konstantin Profatilo et al  v.  The Milton S. Hershey Medical Center et al.
U.S.D.C. M.D. PA 1:CV 00-0633

Dear Mr. Markowitz:

Enclosed please find an Authorization for the Plaintiff's signature so that we may obtain copies of his medical records from the following: New York Community Hospital; Dr. Alexey Isakov; Brooklyn Medical Screening, P.C.  Please return the executed Authorization to me as soon as possible so that I can move forward in getting these records.

Thank you for your cooperation in this regard.  If you have any questions, please feel free to contact me at 717-255-7648.

Very truly yours,

THOMAS, THOMAS & HAFER, LLP.

By    Randall G. Gale

RGG/kak:134065.1
Enclosure

## AUTHORIZATION FOR RELEASE OF
## INFORMATION AND MEDICAL RECORDS

I, **KONSTANTIN PROFATILO** (Date of Birth: 11/16/46; Social Security Number:

_____, hereby authorize _____

_____

to furnish to Randall G. Gale, Esquire, and Thomas, Thomas & Hafer, LLP, P. O. Box 999,

305 North Front Street, Harrisburg, Pennsylvania 17108, or any representative thereof,

any and all files, medical records, correspondence, office notes, photographs, medical

charts, data, bills, insurance forms, mental health records, psychiatric records,

psychological records and all other documents and things that relate to me.

A photostatic copy of this Authorization shall serve in its stead.


_____
Date


_____
**Konstantin Profatilo**


_____
Witness

:134073.1



## MARKOWITZ & MARKOWITZ, P.C.

**ATTORNEYS-AT-LAW**
**2 WEST MARKET STREET**
**P.O. BOX 152**
**YORK, PENNSYLVANIA 17405-0152**

———

**(717) 843-5527**
**FAX (717) 854-7599**

**LEWIS H. MARKOWITZ**
CERTIFIED AS A CIVIL TRIAL ADVOCATE
BY THE NATIONAL BOARD OF TRIAL ADVOCACY
DIPLOMATE AMERICAN BOARD
OF PROFESSIONAL LIABILITY ATTORNEYS

Respond to: 606 Argent Way
Bluffton, South Carolina 29910
(843) 705-9577
fax (843) 705-9588

**ARTHUR MARKOWITZ**
(1907-1970)

———

**TRIAL PRACTICE**

July 18, 2000

File No. 2321

Randall G. Gale, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street, 6th Floor
P. O. Box 999
Harrisburg, PA 17108

Re:  Konstantin Profatilo v Hershey Medical Center, et al
     USDC, Middle District, 1:CV 00-0633

Dear Randy:

    This is to advise you that I have forwarded the medical
authorization form to Mr. Koenigsberg for execution by our client,
Mr. Profatilo. I have requested that he return the signed consent form
directly to you. If you run into any problems, please let me know.

    I would suggest that you wait on the deposition of Mr. Profatilo
until I know exactly who is going to be handling this file. I have
sent it to Cliff Rieders and requested that he take it over for me,
but I have not, as yet, received a decision from Cliff. I will make
every effort to see that it is expeditiously handled.

    With kindest personal regards, I am

                    Very truly yours,

                    MARKOWITZ & MARKOWITZ, P.C.

                    Lewis H. Markowitz

LHM/sss



(717) 255-7648
RGG@tthlaw.com

June 12, 2001

Lewis H. Markowitz, Esquire
606 Argent Way
Bluffton, SC 29910

**RE:   Konstantin Profatilo et al  v.  The Milton S. Hershey Medical Center et al.**
**U.S.D.C. M.D. PA 1:CV 00-0633**

Dear Lew:

This will acknowledge receipt of your letter of 5-7-01 concerning depositions in this case. Please be advised that I would like to start depositions as soon as possible but understand your health considerations. Please let me know as soon as you can if other counsel will be involved. I note you have indicated the last two weeks of August would be available for depositions. I believe that is running right up against our current scheduling deadlines from the Court and in particular the expert deadlines that were set by the Court. It seems me to that we may want to ask the Court to again revise its scheduling order. I would like to actually start depositions sooner than the end of August if that is at all possible.

Please give me a call on this when you have the chance.

Very truly yours,

THOMAS, THOMAS & HAFER, LLP.

By

Randall G. Gale

RGG/sah   .
bcc:   Donna Rae, Esquire
       Debra J. Verne, Director of Risk Management
       David A. Dolph, Employers Reinsurance Corporation
:134065.2