(24)
3/6/02
KF

Randall G. Gale, Esquire
Attorney No. 26149
Thomas, Thomas & Hafer, LLP
P.O. Box 999
Harrisburg, PA 17108-0999

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and      :      NO. 1:CV 000633
DORA PROFATILO, his wife,      :
               Plaintiffs,    :      JUDGE:
     vs.                    :      WILLIAM W. CALDWELL, SR.
                   :
THE MILTON S. HERSHEY MEDICAL    :
CENTER, PETER MUCHA, JR., M.D.,    :
MICHAEL C. BURNETT, M.D., and    :
KYM A. SALNESS, M.D.           :      JURY TRIAL DEMANDED
            Defendants.    :

## PRAECIPE TO FILE ORDER OF
## LIQUIDATION OF PHICO INSURANCE COMPANY
## ISSUED BY THE COMMONWEALTH COURT
## OF PENNSYLVANIA FEBRUARY 1, 2002

FILED
WILLIAMSPORT, PA

MAR   2002

MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

TO THE CLERK OF COURTS:

     Please file of record the attached Order of Liquidation of PHICO Insurance Company

issued by the Commonwealth Court of Pennsylvania February 1, 2002. The Defendants are

insured by PHICO Insurance Company and, therefore, the provisions of the Order of Liquidation

apply to the above-captioned case including paragraph 24 which provides as follows:

         24.      Unless waived or otherwise agreed by all of the
parties thereto and the relevant guaranty association, all actions in
which PHICO is or may be obligated to defend a party in any court
are stayed to the extent provided by applicable law, subject to
further order of the court. The Liquidator may cooperate, upon
request of a guaranty association, in seeking a stay of any action,
as authorized under applicable law.

                 Thomas, Thomas & Hafer, LLP

     By: _____
                 Randall G. Gale, Esquire
                 Attorney No. 26149
                 305 North Front Street, 6th Floor
                 P.O. Box 999
                 Harrisburg, PA 17108-0999
                 (717) 255-7648

## CERTIFICATE OF SERVICE

I, Randall G. Gale, Esquire, of the law firm of Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document was served upon all counsel of record by first class United States mail, postage prepaid, addressed as follows, on this _____ 9th _____ day of _____ March _____, 2002:

Paul Koenigsberg, Esquire
1213 Avenue U
Brooklyn, NY 11229

Lewis H. Markowitz, Esquire
606 Argent Way
Bluffton, SC 29910

THOMAS, THOMAS & HAFER, LLP

Randall G. Gale, Esquire

2

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken, Insurance   :
Commissioner of the Commonwealth :
of Pennsylvania      :
      Plaintiff  :

            :  No. 427 M.D. 2001
    v.       :

PHICO Insurance Company  :
One PHICO Drive     :
P.O. Box 85       :
Mechanicsburg, PA  17055-0085 :
      Defendant :

### ORDER OF LIQUIDATION

    **AND NOW**, this 1st day of February, 2002, upon consideration of the Petition for Liquidation (Petition), filed by Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), in her capacity as Statutory Rehabilitator of PHICO Insurance Company (PHICO), in accordance with Article V of the Insurance Department Act (Act), Act of 1921, as amended, 40 P.S. §§211-221.63, and the Consent thereto, it is hereby **ORDERED** and **DECREED** that said Petition is **GRANTED.**

    It is further ordered and decreed that:

    1.  The rehabilitation of PHICO commenced under this court's order of August 16, 2001 is hereby terminated.

2.    PHICO is hereby found to be and is declared to be insolvent, as that term is defined in 40 P.S. §221.3 and as provided in 40 P.S. §§221.14(1) and 221.19.

3.    The Commissioner (including her successors in office) is hereby appointed Liquidator of PHICO. The Liquidator (including her successors and designees) is directed to take possession of PHICO's property, business and affairs as Liquidator, to liquidate PHICO in accordance with Article V of the Act and to take such action as the Liquidator deems to be in the interest of policyholders, creditors or the public.

4.    The Liquidator is hereby vested with all the powers, rights and duties authorized under the Act and other applicable law and regulation.

## ASSETS OF THE ESTATE

5.    The Commissioner, as Liquidator, is vested with title to all property, assets, contracts and rights of action (assets) of PHICO, of whatever nature and wherever located, whether held directly or indirectly, as of the date of the filing of the Petition. All assets of PHICO are hereby found to be in custodia legis of this court; and this court specifically asserts, to the fullest extent of its authority, (a) in rem jurisdiction over all assets of PHICO wherever they may be located and regardless of whether they are held in the name of PHICO or any other name; (b) exclusive jurisdiction over all determinations of the validity and amount of claims against PHICO; and (c) exclusive jurisdiction over the determination of the distribution priority of all claims against PHICO.

2

6.    The filing or recording of the Order with the clerk of the Commonwealth Court or with the recorder of deeds of the county in which its principal office is located (Cumberland County, PA) shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted.

7.    All banks, investment banks, or other companies, other entities or other persons having in their possession assets which are, or may be, the property of PHICO, shall, unless otherwise instructed by the Liquidator, deliver the possession of the same immediately to the Liquidator, and shall not disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of the same without prior written consent of, or unless directed in writing by, the Liquidator.

8.    All persons and entities, including but not limited to accountants, auditors, bankers, trustees and actuaries, are enjoined from disposing of or destroying any documents, correspondence or records, regardless of how maintained (i.e. email, electronic, magnetic, etc.) pertaining or relating to, whether directly or indirectly, PHICO, or its subsidiaries and affiliates, including but not limited to documents pertaining or relating to any transactions between PHICO, its subsidiaries and affiliates and any party.

9.    The amount recoverable by the Liquidator from any reinsurer shall not be reduced as a result of the Order of Liquidation, regardless of any

provision in a reinsurance contract or other agreement. Payment made directly by a reinsurer to an insured or creditor of PHICO shall not diminish the reinsurer's obligation to PHICO, except to the extent provided by law.

10.    All agents, brokers or other persons having sold policies of insurance issued by PHICO shall account for and pay all unearned commissions and all premiums, collected and uncollected, for the benefit of PHICO directly to the Liquidator, within thirty (30) days of notice of this Order. No agent, broker, reinsurance intermediary or other person shall disburse or use monies which come into their possession and are owed to, or are claimed by, PHICO for any purpose other than payment to the Liquidator.

11.    Upon specific written instruction by the Liquidator, all attorneys retained by PHICO or performing legal services for PHICO shall, within thirty (30) days of such request, report to the Liquidator the name, company claim number (if applicable) and status of each matter they are handling on behalf of PHICO. Said report shall include an accounting of any funds received from or on behalf of PHICO for any purpose and in any capacity.

12.    Upon instruction by the Liquidator, any entity furnishing telephone, water, electric, sewage, garbage, trash removal, or utility services to PHICO shall maintain such service and create a new account for the Liquidator as of the effective date of this Order.

13.    Unless otherwise instructed by the Liquidator, any persons or entity having custody or control of any data processing information and records (including but not limited to source documents, all types of electronically stored documents and information, master tapes or any other recorded information) relating to PHICO or its subsidiaries or affiliates, shall transfer custody and control of such records, in a form readable by the Liquidator, to the Liquidator.

14.    Unless instructed otherwise by the Liquidator, all persons and entities furnishing claims processing or data processing services to PHICO shall maintain such services and transfer any such accounts to the Liquidator as of the effective date of this Order.

15.    PHICO, each of its subsidiaries and affiliates, and their respective present and former officers, directors, trustees, employees, consultants, agents and attorneys, and any and all other persons, shall:  (a) surrender peacefully to the Liquidator the premises where PHICO conducts its business; (b) deliver all keys or access codes thereto and to any safe deposit boxes, and advise the Liquidator of the combinations or access codes of any safe or safekeeping devices of PHICO or any password or authorization code or access code required for access to data processing equipment; (c) deliver and surrender peacefully to the Liquidator, all of the assets, books, records, files, credit cards, or other property of PHICO in their possession or control, wherever located; and (d) otherwise advise and cooperate with the Liquidator in identifying and locating any and all of the foregoing.

5

16.    Except for contracts of insurance and for reinsurance, all executory contracts to which PHICO is a party as of the effective date of this Order are hereby disavowed, and will stand as disavowed, unless specifically affirmed by the Liquidator within 120 days of the effective date of this Order. Any disavowal under this provision shall not be an anticipatory breach of any such contract. All indemnification agreements entered into by PHICO during the rehabilitation are hereby affirmed, and the Liquidator is hereby indemnified by the estate of PHICO, as an administrative expense, to the fullest extent permitted by law.

## CONTINUATION AND CANCELLATION OF COVERAGE

17.    All policies and contracts of insurance issued by PHICO are cancelled and terminated for all purposes upon the earliest of the following dates: (a) thirty days from the effective date of this Order; (b) until the expiration of the policy or contract; (c) until the insured has replaced the insurance coverage with equivalent insurance with another insurer or otherwise terminated the policy; or (d) until the Liquidator has effected a transfer of the policy obligation pursuant to section 221.23(8) of the Act.

## WORKERS' COMPENSATION CLAIMS

18.    For a period not to exceed 90 days from the effective date of this Order, the Liquidator is authorized but not obligated, in her sole discretion, to make arrangements for the continued payment in full of the claims under policies of workers' compensation by making the facilities, computer systems, books, records and arrangements with third party administrators (to the extent possible) of PHICO available for the processing and payment of such claims, to any affected

6

guaranty association (or other entity that is the functional equivalent) and to states and state officials holding statutory deposits for the benefit of such workers' compensation claimants, provided, however, that such guaranty associations, states or state officials shall provide or make available the funds to make the actual payment of such claims. In circumstances where a guaranty association certifies in writing to the Liquidator that it does not have the immediate ability to fund the payment of workers' compensation claims that are its obligation by law, the Liquidator is authorized to advance the funds, if available, from PHICO to pay such claims on a temporary basis for a period not to exceed 90 days, provided that the guaranty association enters into a written agreement that such advances shall be treated as a distribution pursuant to 40 P.S. §221.36. The Liquidator shall have the discretion to accept such interim assurances as she deems adequate in lieu of a formal agreement.

## NOTICE AND PROCEDURE FOR FILING CLAIMS

19.    The Liquidator shall use good faith efforts to give notice by first-class mail to all entities or persons which or who may have claims against PHICO, contingent or otherwise, as disclosed by its books and records, and advising claimants to file with the Liquidator their claims together with proper proofs thereof on or before April 1, 2003. The Liquidator shall also cause a notice to be published in newspapers of general circulation where PHICO has its principal place of business, as well as in the national edition of the Wall Street Journal, (a) specifying the last day for the filing of claims; (b) advising all persons of the procedure by which all persons may present their claims to the Liquidator; (c) advising all persons of the address to which they may send their claim; and (d)

advising all such persons of their right to present their claim or claims to the Liquidator. Any and all persons, firms or corporations having or claiming to have any accounts, debts, claims or demands against PHICO, contingent or otherwise, or claiming any right, title or interest in any funds or property in the possession of the Liquidator are required to file with the Liquidator at the location designated in the above-described notices, on or before the date specified by the Liquidator as the last date upon which to file a claim, a properly completed proof of claim or be thereafter barred as claimants against any assets in the possession of the Liquidator, unless a late filing is permitting under 40 P.S. §221.37. No person or entity shall be eligible to participate in any distribution of the assets of PHICO unless such claims are filed or presented in accordance with and within the time limit and procedures established by the Liquidator, subject to the provisions for the late filing of claims at 40 P.S. §221.37.

## EXPENSES, PAYMENTS AND LAWSUITS

20.    Without filing a petition for distribution, the Liquidator shall have the discretion to pay as costs and expenses of administration pursuant to 40 P.S. §221.44, the actual, reasonable and necessary costs of preserving or recovering assets of PHICO and the costs of goods or services provided to and duly approved by PHICO (In Rehabilitation) during the period of Rehabilitation and that are unpaid as of the effective date of this Order. The rights and liabilities of PHICO and of its creditors, policyholders, trustees, shareholders, members and all other persons interested in this estate determined in accordance with the Act as of the date of filing of the Petition for Liquidation.

8

21.    PHICO, its subsidiaries and affiliates, and their respective directors, officers, trustees, employees, attorneys, brokers, consultants, agents, policyholders, and creditors, and any other persons, wherever located, except at the direction of the Liquidator, are enjoined from:  (a) the transaction of further business on behalf of or for PHICO, (b) the transferring, selling, terminating, canceling, disbursing, disposing of or assigning any assets, funds or other property of PHICO, (c) the institution or further prosecution of any actions in law or equity on behalf of or against PHICO, (d) attempting to collect unpaid premiums, deductibles or self-insured retentions from PHICO's insureds, and (e) taking any other action which might or would lessen the value of PHICO's assets or property, prejudice the rights and interests of PHICO's policyholders and creditors, or interfere in the administration of the liquidation proceeding.

22.    PHICO, its subsidiaries and affiliates, and their respective directors, officers, trustees, employees, attorneys, brokers, consultants, agents, policyholders, and creditors, and any other persons, wherever located, are enjoined from:  (a) concealing or destroying any assets, funds or other property of PHICO, (b) any interference, in any manner, with the Commissioner or her designees in liquidating PHICO's business and affairs, (c) any waste of PHICO's assets or property, (d) the dissipation or transfer of PHICO's bank accounts and negotiable instruments, (e) the obtaining of preferences, judgments, attachments, garnishments or liens against PHICO's assets, property and policyholders, (f) the levy of execution process against PHICO and its assets, property and policyholders, (g) the negotiation or execution of any agreement of sale or deed conveying personal or real property of PHICO for nonpayment of taxes or

9

assessments or for any other purpose, (h) withholding from the Liquidator or removing, concealing, transferring or destroying books, accounts, documents, policies or policy-related documents or other records relating to PHICO's business, and (i) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to PHICO.

23.    No action at law or equity, including but not limited to arbitrations and mediations, shall be brought against PHICO, the Liquidator, or the Commissioner in her capacity as Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the effective date of this Order.  All actions, including arbitrations and mediations, currently pending against PHICO in the courts of the Commonwealth of Pennsylvania or elsewhere, are hereby stayed indefinitely.  All actions, arbitrations and mediations against PHICO, the Liquidator, or the Commissioner in her capacity as Rehabilitator or Liquidator, shall be submitted and considered as claims in a liquidation proceeding.  Only in the event that a party claims that the Liquidator, or the Commissioner in her capacity as Rehabilitator or Liquidator, has acted outside her statutory authority or in a manner contrary to law, may that party file a petition for review seeking relief in this court.

24.    Unless waived or otherwise agreed by all of the parties thereto and the relevant guaranty association, all actions in which PHICO is or may be obligated to defend a party in any court are stayed to the extent provided by applicable law, subject to further order of the court.  The Liquidator may

10

cooperate, upon request of a guaranty association, in seeking a stay of any action, as authorized under applicable law.

25.    No verdict, judgment or order against PHICO or its insureds entered after the date of filing of the Petition for Liquidation, and no verdict, judgment or order against PHICO entered at any time by default or by collusion, need be considered as evidence or proof of liability or quantum of damages by the Liquidator.

26.    No action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in this Commonwealth or elsewhere against PHICO, the Liquidator, or the Commissioner in her capacity as Liquidator, or their assets.

27.    All secured creditors or parties, pledgees, lienholders, collateral holders or other persons claiming secured, priority or preferred interests in any property or assets of PHICO are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach, dispose of, or exercise, purported rights in or against any property or assets of PHICO, except as provided in 40 P.S. §221.43.

28.    The Liquidator is authorized, in her discretion, to identify, seek and recover PHICO assets held by (a) the Supplemental Retirement Income Plan Trust; (b) the Directors' Deferred Compensation Plan Trust; or (c) any rabbi or other trusts or plans with respect to benefits or other value or remuneration to be

11

provided to members or former members of management or highly compensated employees of PHICO or any of its subsidiaries or affiliates.

29.    This Order shall be effective on February 1, 2002 and supersedes this court's order of August 16, 2001.

30.    The Liquidator, through her counsel, is hereby directed to serve a copy of this Order upon all parties of record.  The Liquidator, through her counsel, is directed to file with the court in the Office of the Prothonotary, 9th Floor, Widener Building, 1339 Chestnut Street, Philadelphia, PA 19107, an affidavit that such service has been effectuated.

31.    Any correspondence to the Liquidator (as opposed to counsel to the Liquidator) shall be directed as follows:   Statutory Liquidator, PHICO Insurance Company (In Liquidation), P.O. Box 2025, Mechanicsburg, PA 17055.

ROCHELLE S. FRIEDMAN, Judge

12