ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
~~URG, PA

MAY 0 7 2002

ℓℬ ...HEA, CLERK

KONSTANTIN PROFATILO and
DORA PROFATILO, his wife,
                  Plaintiffs,

vs.

THE MILTON S. HERSHEY MEDICAL
CENTER, PETER MUCHA, JR., M.D.,
MICHAEL C. BURNETT, M.D., and
KYM A. SALNESS, M.D.
                  Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

NO.  1:CV 00-0633

JUDGE:
WILLIAM W. CALDWELL, SR

JURY TRIAL DEMANDED

## MOTION FOR SUMMARY JUDGMENT OF KYM A. SALNESS, M.D. PURSUANT TO F.R.C.P. 56 AND ACT 13 OF 2002 (M'CARE ACT)

AND NOW comes Kym A. Salness, M.D., by and through his counsel, Thomas, Thomas & Hafer, LLP, hereby moves for summary judgment pursuant to F.R.C.P. 56 and Act 13 of 2002 (M'care Act), and avers as follows:

1.      Defendant Kym A. Salness, M.D. is a medical doctor licensed by the Commonwealth of Pennsylvania and currently employed as a physician and in particular Professor and Chair of the Emergency Medicine Department at Hershey Medical Center.

2.      Dr. Salness was employed as Hershey Medical Center as the Director of the Department of Emergency Medicine.

3.      Plaintiff initiated this medical malpractice action as a result of medical care he received at Hershey Medical Center on or about April 23, 1998.  See Plaintiffs' Complaint attached as Exhibit "A."

4.      Dr. Salness's name appears on Mr. Profatillo's chart in several places.

5.      Mr. Profatillo was transported to Hershey Medical Center by Life Lion trauma helicopter and was designated as a trauma patient en route to Hershey Medical Center Emergency Department.

6.      According to Hershey Medical Center emergency room department procedure in effect in April 1998, Dr. Salness's name appears as the initial doctor of record to expedite the ordering of tests and diagnostic studies for all "trauma" patients when they initially arrive at Hershey Medical Center.

7.      However, Dr. Salness did not personally examine, see, order tests for or medication for Mr. Profatillo at any time while he was a patient at Hershey Medical Center.  See Affidavit of Dr. Salness attached as Exhibit "B."

8.      Pennsylvania law provides for the filing of an affidavit of non-involvement where the defendant physician was not involved in the care or treatment of a medical malpractice plaintiff.  Medical Care Availability and Reduction of Error ("M'care") Act 13 of 2002 Section 506.

9.      The predecessor of the M'care Act, the Healthcare Services Malpractice Act, 40 P.S. §1301.827-A also provided for an Affidavit of Non-Involvement for a Defendant physician.  The language of 40 P.S. §1301.827-A is virtually identical to Section 506 of Act 13 of 2002 (the M'care Act).

10.     Section 5104 of the new M'care Act repealed the Healthcare Services Malpractice Act, also known as the Act of October 15, 1975 (P.L. 390, No. 111).

11.     Section 5108 of the M'care Act provides that Section 506 shall take effect immediately.  (Emphasis added).

2

12.     However, in light of the fact that the language of the old Healthcare Services Malpractice Act is virtually identical to Section 506 of the M'care Act, also providing for an Affidavit of Non-Involvement, the decision of whether to apply the old law or the new M'care Act is non-consequential as the result is the same under both pieces of legislation.

13.     Section 506 of the M'care Act represents substantive Pennsylvania law governing malpractice action which this Honorable Court is obligated to follow.  Edelson v. Soricelli, 610 F.2d 131 (3d Cir. 1979).

14.     Pennsylvania procedural law, in particular Pa.R.C.P. 1036, provides a designated procedure for the filing of a motion for dismissal upon affidavit of non-involvement under the Healthcare Services Medical Malpractice Act, 40 P.S. §1301.827-A, the predecessor of the M'care Act and other statutes.  It does not appear that the Federal Rules of Civil Procedure or Middle District local rules of procedure provide for an analogous procedure for the filing of affidavits of non-involvement pursuant to Section 506 of the M'care Act.  Therefore, Moving Defendant respectfully suggests that this Honorable Court follow a procedure similar to that of Pa.R.C.P. 1036.

15.     Accordingly, as Dr. Salness has filed an affidavit of Non-Involvement pursuant to the Healthcare Services Malpractice Act, and absent any opposition by Plaintiffs, Moving Defendant requests judgment in his favor.

16.     In the event that Plaintiff does oppose the Motion of Moving Defendant, Moving Defendant respectfully requests oral argument on the Motion.

WHEREFORE, Moving Defendant Kym A. Salness, M.D. respectfully requests summary judgment in his favor pursuant to F.R.C.P. 56 and Section 506 of the M'care Act.

Respectfully submitted,

Thomas, Thomas & Hafer, LLP

By _____

    Randall G. Gale, Esquire
    Attorney No. 26149
    Hugh P. O'Neill, III, Esquire
    Attorney No. 69986
    305 North Front Street, 6th Floor
    P.O. Box 999
    Harrisburg, PA 17108
    (717) 255-7648
Attorneys for Defendants

Dated: 5/2/00

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTIN PROFATILO and DORA PROFATILO, his wife, | : | NO.  1:CV 00-0633 |
| Plaintiffs, | : | |
| vs. | : | |
| | : | JUDGE: |
| | : | WILLIAM W. CALDWELL, SR |
| | : | |
| THE MILTON S. HERSHEY MEDICAL CENTER, PETER MUCHA, JR., M.D., MICHAEL C. BURNETT, M.D., and KYM A. SALNESS, M.D. | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF KYM A. SALNESS, M.D.
PURSUANT TO F.R.C.P. 56 AND 40 P.S. §1301.827-A**

**I.    FACTS**

Plaintiff Konstantin Profatillo initiated this medical malpractice action in this Court pursuant to this Court's diversity jurisdiction.  A copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."  Plaintiff's malpractice claim centers around the medical care he received at Hershey Medical Center in April 1998.  Mr. Profatillo was a 30 year old pedestrian struck by a pickup truck.  He was transported to the Hershey Medical Center emergency trauma unit via Life Lion trauma helicopter.

The name of Kym A. Salness appears in the Hershey Medical Center records as the initial emergency physician of record.  In April 1998, Dr. Salness was the Director of the Department of Emergency Medicine for Milton S. Hershey Medical Center.  According to Hershey Medical Center Emergency Department policy in effect in April 1998, Dr. Salness's name appears as the initial doctor of record to expedite the ordering of all tests and diagnostic studies for all "trauma" patients when they initially arrive at the

medical center.  However, at no time did Dr. Salness personally examine, see, order

tests, diagnostic studies or medication for Mr. Profatillo at any time while he was a

patient at Hershey Medical Center.  See Affidavit attached as Exhibit "B."

## II.  PROCEDURAL POSTURE

While little discovery has taken place in this matter, Moving Defendant attaches

an Affidavit of Non-Involvement pursuant to Section 506 of Act 13 of 2002 also know as

the M'care Act.  Section 506 of the M'care Act provides as follows:

> **Affidavit of Non-Involvement.**  Any health care provider
> named as a defendant may be dismissed upon filing of an
> Affidavit of Non-Involvement which has to set forth particular
> information demonstrating that the provider was misidentified
> or otherwise not involved, individually or through agents.
> also, it has to show it was not obligated to provide care and
> treatment.
>
> The filing of an Affidavit of Non-Involvement shall have
> effect of tolling the statute of limitations as to that provider.
> A co-defendant or claimant has the right to challenge the
> affidavit.  False or inaccurate filing of the affidavit may result
> in reinstatement of the claim against the provider.  Where
> the affidavit is knowingly false or inaccurate, the court shall
> impose an appropriate sanction including an order to pay the
> other party the amount of reasonable expenses incurred.

A copy of Section 506 of the M'care Act is attached hereto as Exhibit "C."[1]

Section 5104 of the M'care Act provides that the Healthcare Services Malpractice

Act "is repealed."  Moreover, Section 5108 of the M'care Act provides that Section 506,

providing for the affidavit of non-involvement procedure under the new law, shall take

effect immediately.  Therefore, this Court should apply the new M'care Act in passing

upon the affidavit of non-involvement filed by Dr. Salness

---

[1] 40 P.S. §1301.827-A of the Pennsylvania Healthcare Services Malpractice Act also provided for an
affidavit of non-involvement procedure.  The phrasing of the new law is virtually identical to the old law.

Furthermore, the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 1036, provides for a procedural mechanism for the dismissal upon affidavit of non-involvement under the Healthcare Services Malpractice Act. The Pennsylvania Rules of Civil Procedure have not been updated to reflect the change in law. However, Moving Defendant is not aware of any Federal Rule of Procedure or Middle District local rule of procedure which is analogous to Pa.R.C.P. 1036. Consequently, Moving Defendant files this Motion for Summary Judgment F.R.C.P. 56 as the closest procedural mechanism to bring the issue before this Court.

## III.    LEGAL ARGUMENT

### A.    The Erie Doctrine Obligates This Court To Apply The Pennsylvania Healthcare Service Malpractice Act.

The Third Circuit Court of Appeals held in 1979 that the Pennsylvania Healthcare Services Malpractice Act applies to federal court diversity actions. Edelson v. Soricelli, 610 F.2d 131 (3rd Cir. 1979). In the Soricelli case, Judge Aldisert in a well reasoned opinion held:

> Absent an affirmative counterveiling federal consideration similar to that found in Byrd, which as we read it implicates no more than trial management in federal courts, we apply the traditional Erie formulation, emphasizing especially the policies of prevailing forum shopping by non-resident plaintiffs and avoiding application of different law so as to discriminate against resident plaintiffs. By allowing appellants to avoid the arbitration procedure, we would thwart both these goals. Plaintiffs in diversity actions would have a definite and significant advantage not available to state court plaintiffs. This advantage which appellant's own arguments demonstrate to be substantial, would encourage forum shopping between state and federal judicial systems. Such a result is incompatible with Erie. We conclude that federal court plaintiffs in diversity actions arising within the scope of the Pennsylvania Healthcare Services Malpractice

3

Act are subject to the same arbitration procedure applicable
in state court plaintiffs.

Edelson, 610 F.2d at 141.

The particular provision of the Pennsylvania Healthcare Services Malpractice Act

at issue in the Edelson case required arbitration prior to filing an action in state court.

The arbitration procedure was a condition precedent to entry into the state court system.

40 P.S. §1301.301-1301.514.[2]

Numerous other federal courts have upheld application in federal diversity cases

of state laws requiring screening or arbitration of medical malpractice claims before they

may be tried.  See Hill v. Morrison, 870 F. Supp. 978 (W.D. Mo. 1994) (collecting

cases).  Moreover, as the federal system does not have an analogous system for the

disposal of affidavits of non-involvement, it is respectfully suggested that this Honorable

Court follow the procedure set forth by Pa.R.C.P. 1036.

**B.     Dr. Salness Should Be Dismissed From This Action Based On His
        Non-Involvement In Mr. Profatillo's Care Pursuant To The M'Care Act
        Section 506.**

Dr. Salness has submitted an affidavit attesting to his non-involvement in the

care of Mr. Profatillo.  Absent Plaintiffs filing an opposing motion, it is respectfully

requested that this Honorable Court enter an Order granting judgment in favor of Dr.

Salness and dismissing him from this litigation.  Pa.R.C.P. 1036.  In the event Plaintiffs

---

[2] It should be noted that the arbitration procedure in effect at the time of the Edelson case was subsequently repealed by the Pennsylvania legislature effective February 23, 1996.  However, the affidavit of non-involvement involved in this case provided for by 40 P.S. §1301.827-A remained valid and effective law in the Commonwealth of Pennsylvania until the passage of Act 13 of 2002, The M'Care Act. Section 506 of the M'Care Act replaces 40 P.S. § 1301.827-A of the old law.

file a motion in opposition to the dismissal of Dr. Salness, Moving Defendant

respectfully submits that the parties proceed in the fashion contemplated by Pa.R.C.P.

1036(d).

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully requested that this Honorable

Court enter an Order in the form proposed dismissing Kym A. Salness, M.D. from this

litigation with prejudice.

Respectfully submitted,

Thomas, Thomas & Hafer, LLP

By _____

Randall G. Gale, Esquire
Attorney No. 26149
Hugh P. O'Neill, III, Esquire
Attorney No. 69986
305 North Front Street, 6th Floor
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7648
Attorneys for Defendants

Dated: 5/7/02

## CERTIFICATE OF SERVICE

I, Randall G. Gale, Esquire of the law firm of Thomas, Thomas & Hafer, LLP, Attorneys for Defendants, do hereby certify that on this 7th day of ___May___, 2002 that service of the aforementioned document was made upon the following by depositing a true and correct copy in the United States mail, postage prepaid, at Harrisburg, Pennsylvania.

Lewis H. Markowitz, Esquire
2 West Market Street
P.O. Box 152
York, PA 17405-0152

    and

606 Argent Way
Bluffton, SC  29910

BY: _____
               Randall G. Gale, Esquire

:164559.1

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and DORA
PROFATILO, his wife,
            Plaintiffs

      vs

THE MILTON S. HERSHEY MEDICAL
CENTER, PETER MUCHA, JR., M.D.,
MICHAEL C. BURNETT, M.D., and
KYM A. SALNESS, M.D.,
            Defendants

1 : CV    00 – 0633

Civil Action – Law

Jury Trial Demanded

FILED
HARRISBURG, PA

APR 07 2000

MARY E. D'ANDREA, C
Per _____ Deputy Clerk

1.

Plaintiffs in this action are Konstantin Profatilo and Dora Profatilo, his wife, who are citizens of the State of New York and who currently reside at 2069 East 12th Street, Unit A-4, Brooklyn, New York 11229.

2.

Defendant, The Milton S. Hershey Medical Center, is a Medicare participating health care facility, located at 500 University Drive, Hershey, Dauphin County, Pennsylvania, 17033.

3.

Peter Mucha, Jr., M.D. is a citizen of the State of West Virginia, whose address is West Virginia University Hospital, Jon M. Moore Trauma Center, Medical Center Drive, P. O. Box 8229, Morgantown, West Virginia 26506-8229, and was at all times material to this matter a surgeon at the Defendant Milton S. Hershey Medical Center.

4.

Michael C. Burnett, M.D. is a citizen of the Commonwealth of Pennsylvania, with an office in Philadelphia, Pennsylvania, who is on

the staff of the Hershey Medical Center specializing in Internal Medicine and Critical Care Medicine.

5.

Kym A. Salness, M.D., is a citizen of the Commonwealth of Pennsylvania, who is employed and at all times material hereto was employed as the Director of the Center for Emergency Medical Services at the Hershey Medical Center and who maintains an office at the Hershey Medical Center, 500 University Drive, P. O. Box 850, Hershey, PA 17033-0850.

6.

At all times material hereto the Milton S. Hershey Medical Center employed or held out as its employees individuals engaged in the performance and interpretation of radiological and other diagnostic studies, who at various times material to this action read and interpreted x-rays taken of the plaintiff, Konstantin Profatilo.

7.

Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. §1395dd et seq commonly known as the Emergency Medical Treatment and Active Labor Act (hereinafter "EMTALA".)

8.

Supplemental jurisdiction under 28 U.S.C. §1367 exists for state claims of negligence against the Hospital Defendant arising under the doctrine of respondeat superior and the individual defendants all arising from the same circumstances.

## COUNT I - EMTALA

### KONSTANTIN PROFATILO v THE MILTON S. HERSHEY MEDICAL CENTER

9.

Plaintiff repeats and repleads Paragraphs 1 through 8 as though they were fully set forth at length.

10.

On or about April 23, 1998 at approximately 9:00 o'clock p.m. Plaintiff was severely injured when he was violently struck by a pickup truck on the Lewisberry Road in Fairview Township.

11.

On or about April 23, 1998 the emergency medical technicians were called to the scene of the accident and it was determined that Plaintiff's condition was of sufficient severity that he had to be Med-Vac to the Hershey Medical Center emergency department.

12.

Accordingly, Plaintiff was transported via ambulance to the Capital City Airport where a Life Lion helicopter picked him up and took him to the Hershey Medical Center arriving at approximately 9:47 p.m.

13.

Upon arrival at the Emergency Department of Hershey Medical Center and, in fact, during transportation to the Medical Center, efforts were made to communicate with the Plaintiff who spoke only Russian and who had very little understanding of the English language.

14.

The Emergency Room physician asked for a consultation from orthopedics, which consultation never occurred prior to the discharge of the Plaintiff. Additionally, Dr. Salness requested the following radiology exams: (a) portable chest, (b) CT abdomen enhanced-adult, (c) CT pelvis unenhanced-adult, (d) CT thoracic thorax unenhanced-adult, (e) thoracic aortogram, (f) CT head unenhanced-adult. All of the x-rays were taken on April 23.

15.

A consult was also requested regarding Plaintiff's ETOH abuse, which indicated a blood alcohol at 277. The Plaintiff was discharged before this could be done.

16.

All of the radiology exams requested reported abnormalities.

17.

None of the abnormalities or results of any of the x-rays was ever communicated to Dr. Salness nor apparently was any report from radiology sought by Dr. Salness.

18.

Despite the fact that Plaintiff whose condition had not stabilized, had been severely injured and had suffered serious injuries, the Defendant through its attending physicians discharged the Plaintiff on April 24, 1998 to return to his home in Brooklyn, New York despite the fact that Plaintiff was severely injured and was suffering from life threatening injuries, which had not been stabilized.

19.

Plaintiff returned to his home but the symptoms that he had been experiencing in the Hospital worsened and he went to his family physician who recognizing a medical emergency immediately transported the Plaintiff to New York Community Hospital, where it was found that he had untreated acute abdominal injuries, resulting from the accident, as well as rupture of eventration of the left hemidiaphragm and left hemopneumothorax, fractures of T1 and L1 through L5 of his spine, an incarcerated umbilical hernia and severe trauma to the heart.

20.

Defendant Hershey Medical Center, through its agents, violated the terms of EMTALA and in particular 42 U.S. 1395dd(b) by failing to provide appropriate medical exams and treatments as would be necessary to stabilize the Plaintiff's condition.

21.

As a result of the EMTALA violation herein-described Plaintiff suffered severe and disabling permanent injuries, had to undergo additional emergency surgery and has suffered and will in the future continue to suffer both physical and mental pain, as well as being permanently disabled and unable to engage in any gainful employment, resulting in the loss of income. In addition, Plaintiff has been forced to incur and is incurring and will in the future continue to incur expenses for his care and treatment.

WHEREFORE, Plaintiff demands judgment against the Hershey Medical Center for compensatory damages in excess of $75,000 for violation of the provisions of EMTALA, together with costs of suit.

## COUNT II – NEGLIGENCE

KONSTANTIN PROFATILO v THE HERSHEY MEDICAL CENTER
PETER MUCHA, JR., M.D., MICHAEL C. BURNETT, M.D.
And KYM A. SALNESS, M.D.,

22.

Plaintiff repeats and repleads Paragraphs 1 through 6 and 9 through 21 as though they were fully set forth herein.

23.

In addition to the supplemental jurisdiction conferred upon this Court pursuant to 28 U.S.C. 1367, jurisdiction is further conferred upon the Court for this Count by virtue of the provisions of 28 U.S.C. 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is based on diversity of citizenship in that Plaintiffs are citizens of the State of New York and Defendants are citizens of either the Commonwealth of Pennsylvania and/or the State of West Virginia.

24.

On or about April 23, 1998 the Defendants, either directly or through their agents, servants or employees, negligently rendered medical care and treatment to the Plaintiff who had been brought to the Defendant Hospital for treatment for serious injuries as a result of being struck by a motor vehicle.

25.

As a result Plaintiff's injuries were not properly treated or addressed, thereby preventing him from transacting his business and losing earnings and earning capacity and suffering great pain of body and mind and incurring expenses for medical attention and hospitalization, all of which continue and will continue into the future. Plaintiff is now permanently disabled.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in a sum in excess of $75,000 and costs.

COUNT IV — LOSS OF CONSORTIUM

DORA PROFATILO v THE HERSHEY MEDICAL CENTER
PETER MUCHA, JR., M.D., MICHAEL C. BURNETT, M.D.
And KYM A. SALNESS, M.D.,

26.

Plaintiff repeats and repleads Paragraphs 1 through 25 as though they were fully set forth herein.

27.

At all times material to this Complaint, Plaintiff Dora Profatilo was the wife of Konstantin Profatilo, Plaintiff herein.

28.

As a result of the conduct of the Defendant above alleged, Dora Profatilo has suffered loss of consortium in a sum in excess of $75,000, together with costs.

WHEREFORE, Plaintiff Dora Profatilo demands judgment against Defendants, jointly and severally, in a sum in excess of $75,000 and costs.

MARKOWITZ & MARKOWITZ, P.C.

By: _____
Lewis H. ~~Markowitz~~, Esq.
Supreme Court I.D. #07491
Attorney for Plaintiffs
2 West Market Street
P. O. Box 152
York, PA 17405-0152
(717) 843-5527

Of counsel:
    Paul Koenigsberg, Esquire
    Paul Koenigsberg, P.C.
    1213 Avenue U
    Brooklyn, NY 11229

*B*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and
DORA PROFATILO, his wife,
               Plaintiffs,

    vs.

THE MILTON S. HERSHEY MEDICAL
CENTER, PETER MUCHA, JR., M.D.,
MICHAEL C. BURNETT, M.D., and
KYM A. SALNESS, M.D.
               Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

NO.  1:CV 00-0633

JUDGE:
WILLIAM W. CALDWELL, SR

JURY TRIAL DEMANDED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONSTANTIN PROFATILO and
DORA PROFATILO, his wife,
               Plaintiffs,

    vs.

THE MILTON S. HERSHEY MEDICAL
CENTER, PETER MUCHA, JR., M.D.,
MICHAEL C. BURNETT, M.D., and
KYM A. SALNESS, M.D.
               Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

NO.  1:CV 00-0633

JUDGE:
WILLIAM W. CALDWELL, SR

JURY TRIAL DEMANDED

## AFFIDAVIT OF NON-INVOLVEMENT
## OF KYM A. SALNESS, M.D.
## PURSUANT TO 40 P.S. §1301.827-A

      I, Kym A. Salness, M.D., as a named Defendant in the above-captioned matter,

after having been duly sworn according to law, hereby state under penalty of law that

the following is true and correct to the best of my personal knowledge:

          1.     I am a medical doctor licensed by the Commonwealth of Pennsylvania.

2.    I am currently the Professor and Chair of the Department of Emergency Medicine at the Milton S. Hershey Medical Center.

3.    In April 1998, I was the Director of the Department of Emergency Medicine for the Milton S. Hershey Medical Center.

4.    I have reviewed the Complaint filed in the above-captioned matter.

5.    I have reviewed the Milton S. Hershey Medical Center chart for Konstantin Profatillo.

6.    I am aware that my name appears on Mr. Profatillo's chart in several places.

7.    Mr. Profatillo was transported to Hershey Medical Center by Life Lion trauma helicopter and was designated as a trauma patient enroute to Hershey Medical Center Emergency Department.

8.    According to Hershey Medical Center Emergency Department policy, my name appears as the initial doctor of record to expedite the ordering of tests and diagnostic studies for all "trauma" patients when they initially arrive at Milton S. Hershey Medical Center.

9.    Accordingly, I was not personally involved in the care and treatment decisions of Plaintiff Konstantin Profatillo.  Moreover, I did not examine, personally see, order tests, diagnostic studies or medication for Mr. Profatillo at any point in time while he was a patient at Milton S. Hershey Medical Center.

10.    My review of the medical chart for Mr. Profatillo indicates that Dr. Meador was the Emergency Department/Medical Command M.D. assigned to Mr. Profatillo's case.

2

11.     This Affidavit is made subject to the penalties of 18 Pa.C.S.A. §4904 related to sworn falsification to authorities.  I verify that all of the statements made in this Affidavit are true and correct to the best of my knowledge and information and that any false statements may subject me to the penalties of 18 Pa.C.S.A. §4904.

_____
KYM A. SALNESS, M.D.

Dated: _9/24/01_

Sworn to and subscribed this
_24th_ day of _September_, 2001:

_____
Notary Public

Notarial Seal
Susan W. Deaven, Notary Public
Derry Twp., Dauphin County
My Commission Expires Oct. 22, 2001
Member, Pennsylvania Association of Notaries

3